IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT BLAIR, JR.,

                Plaintiff,

  v.

LOGAN E. REISEN,

                Defendant.

OPINION and ORDER

25-cv-215-jdp

---

Plaintiff Robert Blair, Jr. alleges that defendant Logan E. Reisen made false representations to Blair that induced Blair to transfer cryptocurrency worth approximately $163,000 to Reisen. Blair moves for default judgment on state-law claims for fraud, conversion, and "money had and received." The motion is deficient in three ways, so the court will deny the motion without prejudice.

First, Blair has not established subject matter jurisdiction, which is necessary before the court can enter default judgment. *See U.S. v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply*, 55 F.3d 1311, 1316 (7th Cir. 1995). In his complaint, Blair says that the court can exercise jurisdiction under 28 U.S.C. § 1332, which applies when the parties are citizens of different states and the amount in controversy is more than $75,000. It is plausible to infer that Blair has satisfied the jurisdictional minimum because he alleges that defendant Logan E. Reisen defrauded him out of more than $150,000.

As for diversity of citizenship, Blair alleged in his complaint that he is a citizen of Oklahoma and that, upon information and belief, Reisen is a citizen of Wisconsin. Dkt. 1, ¶¶ 3–4. But Blair alleged no underlying facts supporting those conclusions, so the court cannot accept them as true. *See* 10A Wright & Miller, *Federal Practice & Procedure* § 2688.1 (4th ed.

2025) ("[A] party in default does not admit conclusions of law."). Failing to establish jurisdiction now would subject any judgment entered to collateral attack. *See Indoor Cultivation*, 55 F.3d at 1316 (reversing district court's refusal to vacate default judgment for lack of subject matter jurisdiction).

The court will give Blair an opportunity to supplement the record with evidence of the parties' citizenship. Blair may establish his own citizenship with a declaration that he lives in Oklahoma and intends to remain there long term. *See Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014). It is unlikely that Blair can obtain a similar declaration from Reisen, so Blair will have to prove Reisen's citizenship indirectly. Relevant information would include where Reisen lives and how long he has lived there, and where he owns property, pays taxes, is registered to vote, or has a driver's license. *See Muscarello v. Ogle County Bd. of Com'rs*, 610 F.3d 416, 424 (7th Cir. 2010); *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008).

The second problem is that that Blair's motion includes no legal argument. The court must accept Blair's factual allegations as true, but Blair must still show that his allegations satisfy the elements for each claim he is asserting. *See Quincy Bioscience, LLC v. BRYK Enterprises, LLC*, No. 22-cv-658-jdp, 2023 WL 2933464, at *3 (W.D. Wis. Apr. 13, 2023). Blair neither identifies the elements of his claims nor explains why it is reasonable to infer from his allegations that Reisen is liable under each of his legal theories.

The third problem is that Blair has not submitted any evidence of his damages, including evidence showing that the cryptocurrency he transferred to Reisen is worth more than $163,000. Blair cannot rely on allegations in his complaint to prove his damages, even in the context of a default. *See* Fed. R. Civ. P. 8(b)(6); *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602–03 (7th Cir. 2007).

For these reasons, the court will deny the motion for default judgment without prejudice. Blair is free to file a renewed motion that fixes the problems identified by the court.

ORDER

IT IS ORDERED that plaintiff Robert Blair, Jr.'s motion for default judgment, Dkt. 7, is DENIED without prejudice.

Entered June 16, 2025.

                                          BY THE COURT:

                                          /s/
                                        _____
                                        JAMES D. PETERSON
                                        District Judge