IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT BLAIR, JR.,

                        Plaintiff,

v.                                                     OPINION and ORDER

LOGAN E. RIESEN,                                   25-cv-215-jdp

                        Defendant.

---

Plaintiff Robert Blair alleges that defendant Logan E. Riesen tricked Blair into transferring cryptocurrency worth more than $160,000 to Riesen. Blair asserts claims for fraud, conversion, and money had and received. Riesen did not answer the complaint, so Blair moved for default judgment. The court denied the motion without prejudice for two main reasons: (1) Blair did not establish that the court could exercise subject matter jurisdiction over the case; and (2) Blair offered no basis for his damages. Blair now renews his motion.

The court concludes that Blair has established subject matter jurisdiction, so the court will schedule a default hearing. But Blair will need to provide additional evidence at the hearing to support his damages claim.

As for subject matter jurisdiction, Blair submitted evidence that he is a citizen of Oklahoma and Riesen is a citizen of Wisconsin. *See* Dkt. 14 and Dkt. 15. It is also reasonable to infer from the allegations in the complaint that more than $75,000 is in controversy. So the court may exercise jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship.

As for damages, the plaintiff must present evidence that establishes his damages with reasonable certainty. *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Blair

relies on his own testimony and the testimony of Haroon Irfan, who says that he is a cryptocurrency tokenomics expert. Dkt. 15 and Dkt. 16.

During the hearing, Blair will have to support his damages claim with more than just testimony. He needs documentation showing that the fraudulent transaction occurred and that defendant took more than $160,000 worth of cryptocurrency from him. *See Hardy v. Olstad*, No. 20-cv-754-jdp, 2022 WL 796326, at *1–2 (W.D. Wis. Mar. 16, 2022) (rejecting claim for damages after default hearing, in part because plaintiff did not support his claim with any documentary evidence).

Irfan should be prepared to explain why he is qualified to offer an opinion about the valuation of cryptocurrency and why his valuation of the cryptocurrency is reliable. For example, Irfan will have to provide the foundation for his opinion that the websites he relied on to value the cryptocurrency are reliable. Irfan should also provide the court with all the materials he relied on to offer his opinion.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to schedule a default hearing in Courtroom 260 and to provide notice of the hearing to defendant Logan E. Riesen.

2. Plaintiff Robert Blair, Jr. is directed to promptly serve his motion, all supporting materials, and this order on Riesen and to file a certificate of service once service is accomplished. Personal service is not required; mail service is sufficient.

3. Two weeks before the hearing, the clerk of court will send Blair instructions on how to submit exhibits to the court. No later than seven days before the hearing, Blair should submit any exhibits he intends to rely on during the hearing. If Riesen wishes to participate in the default hearing, and he wants to submit exhibits, he should contact the clerk's office and provide an email address, so he can also receive instructions.

Entered October 27, 2025.

                            BY THE COURT:

                            /s/

                            _____
                            JAMES D. PETERSON
                            District Judge